[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on March 27, 1976 at Columbus, Ohio. There are three minor children issue of this marriage to wit: Nicole Clemente born October 19, 1976, Lia Clemente born October 16, 1980 and Nina Clemente born October 1, 1986.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the issues in this matter that was before the court is that of the custody of the minor children. The court appointed an attorney to represent the minor children and said attorney participated in the trial. After a careful review of all of the evidence presented to this court, the following order shall enter:
The plaintiff wife and the defendant husband shall have joint custody of the minor children. The primary residence of the minor children shall be with the plaintiff wife and the defendant husband shall have reasonable rights of visitation. The plaintiff wife shall make all of the day to day, routine decisions regarding the minor children. All major decisions regarding health, education, religious training, sports activities, social activities and general welfare of the minor children shall be made jointly by the plaintiff wife and the defendant husband; provided, however, that if the parties cannot mutually agree on such decisions, the decision of the plaintiff wife shall prevail. The plaintiff wife shall not permanently remove the minor children from the State of Connecticut without giving the defendant husband 90 days prior written notice.
In addition, the court has taken into consideration all of the factors contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. All of the right, title and interest of the defendant husband in and to the real property known as 11 Copperfield Drive, Madison, Connecticut is hereby assigned to the plaintiff wife subject to the existing first mortgage which shall be her sole obligation and she shall indemnify and hold the defendant husband harmless therefrom.
2. All of the contents of the real property referred to in paragraph 1 above shall be the sole and exclusive property of the plaintiff wife except for any clothing and personal belongings of the defendant husband that remain on the premises.
3. All of the right, title and interest of the plaintiff wife in and to the real property known as Lot 49, Moose Pond Drive, Bridgton, Maine is hereby assigned to the defendant husband subject to the existing first mortgage which shall be his sole obligation and he shall indemnify and hold the plaintiff wife harmless therefrom.
4. All of the contents of the real property referred to in paragraph 3 above shall be the sole and exclusive property of the defendant husband except for any clothing and personal belongings of the plaintiff wife that remain on the premises.
5. The defendant husband shall pay to the plaintiff wife the sum of $900.00 per week as periodic alimony until the death of the defendant husband, the death or remarriage of the plaintiff wife or October 1, 2005, whichever event shall first occur. Said payments shall be made by way of an immediate wage withholding. CT Page 1634
6. The defendant husband shall pay to the plaintiff wife the sum of $250.00 per week for the support of each of the minor children, payable by way of an immediate wage withholding, until such child reaches the age of majority or is sooner emancipated.
7. The defendant husband shall, at the option of the plaintiff wife, continue to maintain any health insurance available to him through employment for the benefit of the plaintiff wife for so long as he is permitted to do so under the terms of the underlying policies, and/or pursuant to any state or federal law. Any premium occasioned thereby shall be paid by the defendant husband; provided, however, that this obligation to pay said premium shall terminate upon the death of the defendant husband, the death or remarriage of the plaintiff wife or 3 years from the date hereof, whichever event shall first occur.
8. The defendant husband shall continue to maintain the presently existing health insurance for the benefit of the minor children. In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor children shall be paid equally by the plaintiff wife and the defendant husband; provided, however, that except in the case of an emergency no such expenses for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84(c) of the Connecticut General Statutes.
9. All sums in the New England Savings Bank standing in the name of Henry J. Clemente, custodian for the minor children shall be divided equally between the plaintiff wife and the defendant husband. Said sums are not being held under the Uniform Gifts to Minors act (see Plaintiff's Exhibit L) and are deemed to be marital assets. See Salvio v. Salvio, 186 Conn. 311
(1982).
10. The following shall be the sole and exclusive property of the plaintiff wife: (a) The joint account at MBNA America (evidenced by Plaintiff's Exhibit H); (b) The joint account at Shoreline Bank (evidenced by Plaintiff's Exhibit I).
11. The following shall be the sole and exclusive property of the defendant husband:
 (a) All assets in the joint account at USAA Brokerage Services (evidenced by Plaintiff's Exhibit G).
CT Page 1635
12. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court during the trial of this matter shall be the sole obligation of the party upon whose affidavit such liability appears and they shall indemnify and hold the other harmless therefrom.
13. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court during the trial of this matter shall be the sole and exclusive property of the party upon whose affidavit such property appears.
14. Except as expressly provided herein, all property (including but not limited to stock options, 401K's and retirement plans) standing solely in the name of one party shall remain the sole and exclusive property of that party.
15. So long as the defendant husband has any obligation to pay alimony and/or child support under the terms hereof he shall name the plaintiff wife as beneficiary of insurance on his life in the face amount of not less than $500,000.
16. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
17. The fee of Attorney Edward Dolan, the attorney for the minor children, in the amount of $2800.00 shall be paid equally by the plaintiff wife and the defendant husband. Said fee shall be paid in full within 30 days of the date hereof.
FREDERICK A. FREEDMAN, JUDGE